CITED *in Chambers* v. *Wambough*, 4 *Dutch.* 530; *Hobo. Land Imp. Co.* v. *Kerrigan,* 2 *Vr.* 15; *Higbee* v. *C. & A. R. R. Co.,* 5 *C. E. Gr.* 438; *Nuesthoff* v. *Seymour,* 7 *C. E. Gr.* 70; *Atty. Gen.* v. *Del. & B. B. R. Co.,* 12 *C. E. Gr.* 639.

---

THE STATE (ex rel. M. W. Casterline) v. WM. H. GUMMERSALL.

1. In case of a small annual township office, the court will allow an information in the nature of a *quo warranto* to be filed in the first instance; but in the case of a corporation or high public officer, a rule to show cause should be first taken.

2. The defendant should be brought in by process, and then ruled to plead.

This was a motion to set aside the information in this case.

Argued before OGDEN and POTTS, Justices, by *Wm. L. Dayton* for the motion.

POTTS, J. Leave was granted to the relator at the last term of this court, upon notice, to file an information in the nature of a *quo warranto,* against the defendant, to try the validity of his election to the office of collector of taxes, for the 5th ward of the city of Newark; and at the same time a rule was granted upon the defendant to plead thereto in thirty days.

The motion for leave was objected to by counsel on behalf of the defendant, who now moves to set aside the information and rule upon two grounds.

1. It is insisted that the application, in the first instance, should have been for a rule to show cause why an information should not be filed, in order that the defendant might have had the opportunity to show cause against it. This is the practice in Pennsylvania, where it has been held, that unless a rule to show cause is taken in the first instance, a motion to quash will be entertained. *Commonwealth* v. *Jones*, 12 *Penn. St. Rep.* 365.

2. It is insisted that even if an information may be filed in the first instance, the defendant must be served with process to appear, before a rule can be taken upon him to plead. The practice, as stated in *Wilcox on Corporations*, 14 *Law Lib.* 264, is, that upon filing an information in the nature of a *quo warranto*, the first process is *venire facias* in the nature of a summons, &c. It is also the practice in Massachusetts and Pennsylvania. *Commonwealth* v. *Smead*, 11 *Mass.* 74; *Commonwealth* v. *Sprenger*, 5 *Binney*, 353.

The only difficulty about this practice is, that in case the proceeding is against the incumbent of an annual office, the delay these proceedings may occasion will sometimes render the proceeding itself in a great measure nugatory, for even if the application is made at the earliest possible period after an election, the right cannot always be tried before the incumbent's term of office will expire; and inasmuch as under the provisions of our statutes, (*Rev. Stat.* 998, § 2), the judgment only extends to ouster, fine and costs, that is to say, we can only put the incumbent out of office, and punish him for the intrusion. We cannot put the party claiming to have been elected in; the office may thus be vacated at so late a period, if at all, as to create inconvenience, without any benefit to the public. This difficulty has been so sensibly felt, that in New York, where the court has the power to put the claimant into the contested office, by statute, and where, too, the statute is held to be broad enough to enable the court to bring the defendant in by rule, without process, the courts have held, that unless application for leave to file the information is made at the first opportunity after the intru-

sion complained of, if it appear that the term of the office will expire before the right can be tried, leave will not be given to institute the proceeding, unless it may be, perhaps, for the purpose of costs. *People* v. *Sweeting*, 2 *Johns.* 184; *People* v. *Tibbitts*, 4 *Cowen*, 372, 393; *People* v. *Seaman*, 5 *Denio*, 409  In Ohio the rule is, that the title will not be tried by *quo warranto*, where the office will expire before the trial. *State* v. *Jacob*, 17 *Ohio R.* 143.

The practice in this state has not, perhaps, been conclusively settled. In the case of *The State* v. *Vreeland, Collector of Taxes in Paterson*, the application for leave to file an information, in the first instance, was resisted. The case is not reported, but I have a note of the decision. The court said that in the case of a corporation, or a high public officer, a rule to show cause is first allowed, but not in case of a small annual township office. Leave to file the information was accordingly granted, and the information filed on the 8th October, 1846—a rule on the defendant to plead was entered at the same time. In the following January term, 1847, upon proof made of the service of a copy of the information and the rule to plead, the defendant was again ruled to plead, and the defendant also applied for and obtained time to plead. So matters stood until January term, 1848, when the relator took another rule on the defendant to plead, and a plea was finally put in April following. In *The State* v. *Thompson*, in 1843, informations were filed in the first instance, and pleas put in without process or rule; and in *The State* v. *The Associates of Jersey City*, in 1849, an information was filed by the Attorney General, and a summons issued to the defendants, and returned duly served, and a rule thereupon taken to plead.

I think we may safely follow the rule as stated in *The State* v. *Vreeland*, but that, instead of adopting the practice resorted to in that case, the defendant should be regularly brought in by process, and then ruled to plead at as short a day as the nature of the case will admit. This can generally be done at the first term.

In the case before the court, however, as the defendant has had full notice, and no injustice will, as I can see, result, let him be ruled to plead during the sitting of the court.

OGDEN, J., concurred.